**FAMILY LAW − ADOPTION − ATTORNEYS − UNAUTHORIZED PRACTICE OF LAW − VALIDITY OF CONSENT TO ADOPTION WHEN SOCIAL WORKER INFORMS BIRTH PARENT OF RIGHTS**

March 7, 1994

*The Honorable Kenneth C. Montague, Jr.*
*House of Delegates*

You have requested our opinion on two issues relating to the process of adoption: (i) whether a social worker employed by a licensed child placement agency "practices law without a license" if the social worker informs a birth parent of his or her legal rights, including the right to revoke consent to an adoption; and (ii) whether a consent granted after a social worker or other employee of a child placement agency informs the birth parent of his or her rights is legally valid.

For the reasons stated below, we conclude as follows:

1.     A social worker employed by a child placement agency does not practice law without a license merely by informing a birth parent of his or her statutory rights, including the right to revoke consent to an adoption.  The social worker must refrain from offering comments about the legal consequences of any particular course of action or otherwise giving legal advice about the birth parent's rights, however.

2.     If the birth parent is an adult, the mere fact that the parent was informed of his or her rights by a social worker or other employee of a child placement agency does not call into question the legal validity of the consent.

# I

## Consent to Adoption

Under §5-311(a) of the Family Law ("FL") Article, Maryland Code, birth parents[1] generally have a right to decide whether their children are to be placed for adoption: "Unless the natural parents' rights have been terminated by a judicial proceeding, an individual may not be adopted without the consent of ... the natural mother [and] the natural father ...."[2] *See also* FL §5-317(c)(2) (requiring consent of birth parents to guardianship).

Once the birth parents have consented to an adoption, they have a limited right to change their minds. FL §5-311(c)(1) provides that, "within 30 calendar days after the required consent to an adoption is filed under this section, or any time before a final decree of adoption is entered, whichever occurs first, the individual ... executing the consent may revoke the consent." *See also* FL §5-317(e) (revocation of consent to guardianship). This time-limited revocation provision reflects the General Assembly's desire to protect both the birth parents, on whom the decision to consent to adoption might weigh heavily, and the child and adoptive parents, for whom certainty about their new family status is essential. The consent of a birth parent "is not valid unless the consent contains an express notice of the right to revoke consent ...." FL §5-314(a).

# II

## Practice of Law

With exceptions that are not pertinent here, only individuals admitted to the Bar by the Court of Appeals may practice law in Maryland. §§10-206 and 10-601 of the Business Occupations and Professions ("BOP") Article, Maryland Code. Unauthorized practice of law is a misdemeanor and is also subject to injunction. BOP §§10-606(a) and 10-406. "The goal of the prohibition against unauthorized practice is to protect the public from being preyed upon

---

[1] This opinion uses the preferred term "birth parent," rather than the statutory term "natural parent." The terms are synonymous.

[2] Consent is not required in certain foreign adoptions. FL §5-313.1.

by those not competent to practice law − from incompetent, unethical, or irresponsible representation." *In re Application of R.G.S.*, 312 Md. 626, 638, 541 A.2d 977 (1988).

The term "practice law" is not precisely defined in the statute. It encompasses "giving legal advice," representing someone before a court or government agency, or "performing any other service that the Court of Appeals defines as practicing law." BOP §10-101(h)(1)(i). The term includes "giving advice about a case that is or may be filed in a court." BOP §10-101(h)(2)(iv).

For the most part, both the case law in Maryland and opinions of this office have addressed unauthorized practice of law questions that arose in administrative agency proceedings of one kind or another. *See, e.g., Public Service Comm'n v. Hahn Trans. Co.*, 253 Md. 571, 253 A.2d 845 (1969); *Lukas v. Bar Ass'n*, 35 Md. App. 442, 371 A.2d 669, *cert. denied*, 280 Md. 733 (1977); 76 *Opinions of the Attorney General* 41 (1991); 65 *Opinions of the Attorney General* 28 (1980). As far as we know, no Maryland case has squarely considered the mere conveying of information about a provision of law. However, one opinion of this office, later referred to with approval by the Court of Appeals, did observe that a Register of Wills would not engage in the unauthorized practice of law merely by "the furnishing of forms and information" about the opening of estates. 42 *Opinions of the Attorney General* 338, 340 (1957). *See Riddleberger v. Goeller*, 263 Md. 44, 57, 282 A.2d 101 (1971). *See also Lukas v. Bar Ass'n*, 35 Md. App. at 448 ("mere filling out of forms ... or other purely mechanical functions" not unauthorized practice).

This conclusion − that someone who is not a lawyer may "furnish information" about the law − surely accords with common practice and common sense. Commerce and government would grind to a halt if every piece of information about a statutory right or obligation could be communicated only by a lawyer. In our view, the line of unauthorized practice is potentially crossed when someone who is not a lawyer purports to give professional advice about another person's legal situation or suggests a course of conduct based on an interpretation of the law; the line is not crossed by the unadorned provision of information. *See, e.g., New Jersey State Bar Ass'n v. Divorce Center of Atlantic County,* 194 N.J. Super. 532, 477 A.2d 415, 418-19 (1984); *State Bar v. Guardian Abstract & Title Co., Inc.,* 91 N.M. 434, 575 P.2d 943, 949 (1978);

*Oregon State Bar v. Gilchrist*, 272 Or. 552, 538 P.2d 913, 918 (1975). *See generally* Patricia S. Lamkin, Annotation, *Sale of Forms as Practice of Law*, 71 A.L.R. 3d 1000 (1976).

Applying this general view of the issue, we conclude that a social worker who simply informs a birth parent of the right to revoke a consent to adoption is not engaged in the unauthorized practice of law.

### III

### Informed Consent

Your second question is whether a birth parent's consent to an adoption is valid if the birth parent was informed of the right to revoke by a social worker instead of a lawyer. Implicit in the question is the suggestion that the consent would be valid only if it were an informed consent, and that the consent could not be an informed one unless the right were explained by a lawyer, who could counsel the birth parent.

As a general matter, we believe that a consent to the adoption of one's child, like other decisions with legally significant consequences, is valid if it is made knowingly and voluntarily. Consent means a "voluntary agreement by a person in the possession and exercise of sufficient mental capacity to make an intelligent choice to do something proposed by another." *Black's Law Dictionary* 305 (6th ed. 1990).

A birth parent, having been informed by a social worker of the right to revoke consent, certainly has the opportunity to obtain legal advice if necessary. But a birth parent's decision both to grant consent and to leave the consent unrevoked surely can be knowing and voluntary even without legal counsel.

Our conclusion in this regard is underscored by FL §5-314, which states the circumstances under which a consent is *not* valid. One circumstance is if the consent form itself omits "an express notice of the right to revoke consent ...." FL §5-314(a). Conversely, if the form does contain the required notice, the consent is presumptively valid; the General Assembly obviously concluded that most birth parents would be able to understand the right of

revocation if they were simply presented with notice of it when they were asked to evidence their consent.

The other circumstance is even more telling. FL §5-314(b) invalidates the consent of a birth parent *who is a minor* "unless the consent is accompanied by an affidavit of counsel ... that the consent of the minor parent is given knowingly and willingly." Thus, when the General Assembly had a concern about the capacity of one particular class of birth parents, minors, to give informed consent without the help of a lawyer, it legislated the lawyer's role. Appointment of counsel likewise is required for birth parents who are minors, FL §5-323(a)(3), but not for adult birth parents who are capable of consenting to an adoption and who do so.

In short, a change in the law will be needed if the General Assembly concludes as a policy matter that all birth parents should receive legal counseling before their consent to an adoption becomes final.[3]

## IV

## Conclusion

In summary, it is our opinion that a social worker employed by a child placement agency does not engage in the unauthorized practice of law by informing a birth parent of the parent's statutory right to revoke a consent to an adoption. Moreover, a consent from an adult birth parent is not invalid merely because a social worker, rather than a lawyer, informed the parent of the revocation right.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel,*
 *Opinions & Advice*

---

[3] House Bill 1569, which you have introduced, would achieve this result by amending FL §5-323(a)(2) to require appointment of counsel for all birth parents.